T.C. Summary Opinion 2003-157


UNITED STATES TAX COURT


DARRELL R. FULCHER, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14140-01S.              Filed October 21, 2003.


Darrell R. Fulcher, pro se.

Dustin M. Starbuck, for respondent.


COUVILLION, Special Trial Judge:  This case was heard
pursuant to section 7463 in effect at the time the petition was
filed.[1]  The decision to be entered is not reviewable by any
other court, and this opinion should not be cited as authority.

Respondent determined a deficiency of $894 in petitioner's
1999 Federal income tax.

_____

[1]   Unless otherwise indicated, subsequent section
references are to the Internal Revenue Code in effect for the
year at issue.

The sole issue for decision is whether petitioner is liable for the 10-percent additional tax under section 72(t) for early distributions from two qualified retirement plans.

Some of the facts were stipulated. Those facts and the accompanying exhibits are so found and are incorporated herein by reference. Petitioner's legal residence at the time the petition was filed was Martinsville, Virginia.

During 1999, petitioner received the following distributions from two qualified individual retirement accounts:

| | |
|---|---|
| Nationwide Life Insurance Co. | $5,000.00 |
| First National Bank | 3,943.33 |
| Total distributions | $8,943.33 |

Both institutions issued to petitioner Forms 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc. The Form 1099-R from Nationwide Life Insurance Co. stated that the taxable amount of the $5,000 distribution was $4,700.47. On his Federal income tax return for 1999, petitioner included $8,643.80 as income, representing the taxable distributions from the two plans. In the notice of deficiency, respondent determined that petitioner was liable for the additional tax under section 72(t) for early distributions from qualified retirement plans. Petitioner contends he is not liable for the additional tax because the

proceeds of the distribution were used to purchase a home as a first-time homeowner under section 72(t)(8).

During 1999, petitioner was employed by several employers doing electrical maintenance work. Petitioner married on July 1, 1999, and he and his spouse purchased a home in August 1999, which they moved into. Sometime in December 1999, petitioner and his spouse separated; however, petitioner continued living in the house. Petitioner had previously been married but was divorced in 1990. During the first marriage, petitioner served in the United States military, and he and his spouse never purchased a home. His testimony is that the home purchased in August 1999 was the first home he had ever purchased, and that the proceeds of the two distributions in question were applied to the $54,000 purchase price for the home. Respondent presented no evidence to discredit petitioner's testimony, nor did respondent present any other evidence to establish that the August 1999 home purchase was not petitioner's first home purchase, or that the individual retirement accounts proceeds in question were not applied to the purchase price of the home.

Section 72(t)(1) imposes a 10-percent additional tax on early distributions from qualified retirement plans. There are several situations, however, in which the additional tax does not apply. Pertinent to this case is section 72(t)(2)(F), which provides generally that the additional tax does not apply to

distributions that qualify as first-time homebuyer distributions as defined in section 72(t)(8).  Section 72(t)(8)(A) provides generally that the term "qualified first-time homebuyer distribution" means any payment or distribution received by an individual to the extent such payment or distribution is used by the individual before the close of the 120th day after the day on which such distribution or payment is received to pay qualified acquisition costs with respect to a principal residence of a first-time homebuyer who is such individual, the spouse of such individual, or any child, grandchild, or ancestor of such individual or the individual's spouse.  Section 72(t)(8)(D) defines a first-time homebuyer as an individual (and, if married, his spouse) who had no present ownership interest in a principal residence during the 2-year period ending on the date of acquisition of the principal residence in question.  Other provisions in that section are not pertinent here.

On this record, the Court is satisfied that the distributions in question constituted distributions that were used by petitioner in the acquisition of a principal residence, and that such distributions were qualified first-time homebuyer distributions within the intent and meaning of section 72(t)(8). Petitioner, accordingly, is sustained on the sole issue before the Court.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered

for petitioner.